**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4606**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES KALBFLESH,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, District Judge. (1:13-cr-00083-JKB-1)

Submitted: July 29, 2015          Decided: August 13, 2015

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Erek L. Barron, WHITEFORD, TAYLOR & PRESTON, LLP, Bethesda, Maryland, for Appellant. Vanita Gupta, Principal Deputy Assistant Attorney General, Mark L. Gross, Robert A. Koch, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Kalbflesh appeals the district court's judgment after the jury convicted him of conspiracy against rights in violation of 18 U.S.C. § 241 (2012), deprivation of rights in violation of 18 U.S.C. §§ 2, 242 (2012), and conspiracy in violation of 18 U.S.C. § 371 (2012). On appeal, Kalbflesh contends that he was prejudiced by the Government's pre-indictment delay in violation of his right to Due Process under the Fifth Amendment, and the district court erred in admitting statements in violation of his rights under the Confrontation Clause. We affirm.

Kalbflesh first contends that the Government prejudiced him "by delaying its investigation and indictment until shortly after a key witness's death and days prior to expiration of the statute of limitations." Second, he contends that the district court's admission of certain statements of the deceased witness violated his rights under the Confrontation Clause.

The Fifth Amendment Due Process Clause "would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in this case caused substantial prejudice to appellees' rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused." United States v. Marion, 404 U.S. 307, 324 (1971). We review a claim that pre-indictment delay violated due process de novo. United States v. Shealey, 641 F.3d 627, 633 (4th Cir. 2011).

2

"We conduct a two-pronged inquiry to evaluate a defendant's claim that pre-indictment delay violated his right to due process." United States v. Uribe-Rios, 558 F.3d 347, 358 (4th Cir. 2009) (citation omitted). "First, we ask whether the defendant has satisfied his burden of proving 'actual prejudice.'" Id. (citation omitted). "This is a heavy burden because it requires not only that a defendant show actual prejudice, as opposed to mere speculative prejudice, but also that he show that any actual prejudice was substantial — that he was meaningfully impaired in his ability to defend against the . . . charges to such an extent that the disposition of the criminal proceeding was likely affected." Shealey, 641 F.3d at 633-34 (citation and internal quotation marks omitted).

When the claimed prejudice is the unavailability of a witness, the defendant must "demonstrate, with specificity, the expected content of that witness' testimony" and "that the information the witness would have provided was not available from other sources." Jones v. Angelone, 94 F.3d 900, 908 (4th Cir. 1996). He "must relate the substance of the testimony which would be offered by the missing witnesses . . . in sufficient detail to permit a court to assess accurately whether the information is material to the accused's defense." United States v. Bartlett, 794 F.2d 1285, 1290 (4th Cir. 1986) (citations omitted). "Speculative or conclusory claims alleging

3

'possible' prejudice as a result of the passage of time are insufficient." Id. (citations omitted).

"Second, if that threshold requirement is met, we consider the government's reasons for the delay, balancing the prejudice to the defendant with the Government's justification for delay." Uribe-Rios, 558 F.3d at 358 (citation and internal quotation marks omitted). "The basic inquiry then becomes whether the Government's action in prosecuting after substantial delay violates fundamental conceptions of justice or the community's sense of fair play and decency." Id. (citations and internal quotation marks omitted). "If delay results from a protracted investigation that was nevertheless conducted in good faith," prosecuting the defendant following such "investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time." Id. (citation and internal quotation marks omitted).

The Confrontation Clause of the Sixth Amendment "bars the admission of 'testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination.'" United States v. Dargan, 738 F.3d 643, 650 (4th Cir. 2013) (quoting Crawford v. Washington, 541 U.S. 36, 53-54 (2004)). "Evidence implicates the Confrontation Clause only if it constitutes a testimonial statement — that is, a statement made

4

with 'a primary purpose of creating an out-of-court substitute for trial testimony.'" United States v. Reed, 780 F.3d 260, 269 (4th Cir. 2015) (quoting Michigan v. Bryant, 562 U.S. 344, 358 (2011)). "If a statement's primary purpose is not to create a record for trial, then the Confrontation Clause does not apply." Id. (citation and internal quotation marks omitted).

Statements made in furtherance of a conspiracy are not testimonial. See Crawford, 541 U.S. at 55; United States v. Sullivan, 455 F.3d 248, 258 (4th Cir. 2006) (statements made by co-conspirators during the course of and in furtherance of a conspiracy were not testimonial statements); cf. Dargan, 738 F.3d at 650-51 (statements of one prisoner to another about a crime that he had committed were not testimonial). Moreover, the Confrontation Clause "'does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.'" United States v. Ayala, 601 F.3d 256, 272 (4th Cir. 2010) (quoting Crawford, 541 U.S. at 60 n.9)).

Although we review an alleged Confrontation Clause violation de novo, "a violation may be found harmless on appeal if the beneficiary of the constitutional error can prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." Reed, 780 F.3d at 269 (citation and internal quotation marks omitted). We may avoid

5

deciding whether there was a Confrontation Clause error and simply assume error if it was harmless. Id. (citation omitted).

With these principles in mind, we have reviewed the record and the parties' briefs, and we conclude there was no reversible error. As the district court found, Kalbflesh has not shown actual prejudice due to the Government's investigative delay. Even assuming prejudice, we are convinced that the delay did not violate fundamental conceptions of justice or the community's sense of fair play and decency. We further conclude that the district court's admission of statements of the deceased witness did not violate the Confrontation Clause. The statements were not testimonial because they were made in furtherance of the conspiracy, not to create a record for trial. Even assuming error, we conclude it was harmless beyond a reasonable doubt.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED